# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DAVID S. ZAPP,

    Plaintiff/Counter-Defendant,

  v.

ZHENLI YE GON,

    Defendant/Counter-Plaintiff.

Civil Action No. 08–1955 (CKK)

## MEMORANDUM OPINION
(October 28, 2010)

Plaintiff/Counter-Defendant David Zapp ("Zapp") filed the above-captioned action against Defendant/Counter-Plaintiff Zhenli Ye Gon ("Ye Gon") seeking to recover unpaid legal fees. Currently before the Court is Zapp's [46] Consent Motion to Seal Portions of Record. Specifically, Zapp moves to seal the portion of the record containing Zapp's [40] Amended Motion for Summary Judgment, the exhibits attached thereto, and the vast majority of the allegations in Ye Gon's [4] Answer and Counterclaim. The Court, having considered the pending motion and applicable case law, finds, *inter alia*, that Zapp has failed to articulate a substantial interest in sealing portions of the record so as to overcome the strong presumption in favor of public access to judicial records. Consequently, the Court shall DENY Zapp's Consent Motion to Seal Portions of Record.

## I. BACKGROUND

For approximately five months in 2008, Zapp represented Ye Gon as legal counsel in Ye Gon's then-pending criminal trial. Am. Compl., Docket No. [2], ¶¶ 3, 6, 7. According to the parties' retainer agreement, Ye Gon was to pay Zapp a fixed-fee of $4,500,000 "irrespective of

the total number of hours which [Zapp's] firm works on [Ye Gon's] behalf; irrespective of the results in [Ye Gon's] case or the manner in which the case is concluded." *Id.* Ex. A, at 1 (Retainer Letter). In the event Ye Gon terminated the attorney-client relationship before the resolution of his criminal case, the retainer agreement provided that Zapp would be entitled to reimbursement based on the following billing rates: Zapp at $1000 per hour; associates at $500 per hour; and paralegals at $200 per hour. *Id.* Ex A, at 1 n.1.

In his Amended Complaint, Zapp alleged that Ye Gon breached the parties' retainer agreement by refusing to pay $204,866.44 in legal fees that Zapp allegedly incurred while representing Ye Gon. *See id.* ¶¶ 7, 12. In his Answer and Counterclaim (hereinafter "Counterclaim"), Ye Gon generally denied Zapp's allegations and asserted six counterclaims against Zapp, including breach of contract, slander, malpractice, and two counts of fraud. *See generally* Counterclaim.

After the parties conducted limited discovery, Zapp filed a [31] Motion for Summary Judgment, in response to which Ye Gon filed an [34] Emergency Motion to Seal. The basis for Ye Gon's emergency motion was that Zapp had included information in his motion for summary judgment relating to sealed proceedings in Ye Gon's then-pending criminal case, which has now been resolved. The Court granted Ye Gon's Emergency Motion to Seal and accordingly directed Zapp to file a redacted version of his Motion for Summary Judgment. *See* Min. Order (Mar. 16, 2010). Zapp complied by filing an [40] Amended Motion for Summary Judgment and attaching as exhibits thereto Ye Gon's responses to Zapp's interrogatories, request for admissions, and request for production of documents.

On June 10, 2010, counsel for both parties advised the Court by telephone that they had

reached a settlement agreement and that the case may be dismissed after the Court rules on a motion to seal that Zapp intends to file and Ye Gon will not oppose. *See* Min. Order (June 15, 2010). On July 21, 2010, Zapp filed his [46] Consent Motion to Seal Portions of Record ("Motion") seeking to seal the following portions of the record (hereinafter collectively referred to as "the Documents"): (1) the Counterclaim's ad damnum clause and paragraphs 8-16, 18-24, 26-31, 33-35, 37-42, 45-46, 48-51, 54-58; and (2) Zapp's Amended Motion for Summary Judgment and all exhibits attached thereto. Motion at 3, 3 n.1.

## II. LEGAL STANDARD

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 292, 316-17 (D.C. Cir. 1980) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)) (alterations in the original). "[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). In *Hubbard*, the D.C. Circuit

> identified six factors that might act to overcome this presumption: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents at issue; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317-22).

## III. DISCUSSION

Zapp has moved to seal the Documents, arguing that they contain unsubstantiated and

3

damaging allegations that "have a profound effect upon his reputation and property interest as a practicing attorney." *See* Motion at 7; *see also id.* at 4. The Documents contain essentially all of the Record's references to Ye Gon's counterclaims. The Court shall analyze the Documents under each of the six *Hubbard* factors.[1]

    A.    *The Need for Public Access to the Documents*

Public access to judicial records is "fundamental to a democratic state" and "serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *Hubbard*, 650 F.2d at 315 & n.79; *see also Nixon*, 435 U.S. at 597 (recognizing a common law right to view court documents). The presumption in favor of public access to judicial records is strongest when "the documents at issue [are] . . . specifically referred to in a trial judge's public decision." *Nat'l Children's Ctr.*, 98 F.3d at 1409 (quoting *Hubbard*, 650 F.2d at 318). In contrast, "documents filed with the court or introduced into evidence . . . often have a private character, diluting their role as public business." *Id.*

Zapp contends that the purposes of public access are "only modestly served" by the Documents' continued disclosure and "there is no specific or particularized need for public access." Motion at 5. In support, Zapp cites to how the Documents were not admitted in trial, were not relied upon by the Court in a decision, and how they do not reference a public figure or agency. *Id.* Although the Court agrees with Zapp's characterization of the Documents' limited role in this case, given that the public's access to judicial records is "fundamental to a democratic state," the Court finds that this factor still weighs in favor of the Documents remaining unsealed. The Documents' relatively "private character" may dilute, but does not destroy, the public's need

---

[1] When doing so, the Court notes that because the Motion often does not distinguish among the Documents' various components, neither will the Court unless stated otherwise.

to access them.

   B.   *Previous Public Access to the Documents*

"Previous [public] access is a factor which may weigh in favor of subsequent [public] access." *Hubbard*, 650 F.2d at 318. In this case, when the Motion was filed, Zapp's Amended Motion for Summary Judgment and Ye Gon's Counterclaim had been available on the public docket for 140 and 560 days, respectively. Zapp acknowledges that the Documents' previous public availability weighs in favor of their continued public availability, but he insists that this factor is not dispositive. *See* Motion at 6. The Court finds that the Documents' previous public availability weighs in favor of the Documents remaining unsealed. *See In re Application of New York Times Co.*, 585 F. Supp. 2d 83, 93 (D.D.C. 2008) (finding that when "much of the critical information is already in the public forum . . . this factor weighs in favor of unsealing the . . . materials."). In addition, the Court finds that the fact that Zapp himself did not seek to file his Amended Motion for Summary Judgment under seal weighs in favor of the continued public availability of his Amended Motion for Summary Judgment.[2]

   C.   *The Fact That Someone Has Objected to the Disclosure and the Identity of That Person*

Under the third *Hubbard* factor, the fact that a party moves to seal the record weighs in favor of the party's motion. *See Nat'l Children's Ctr.*, 98 F.3d at 1410 (finding that "only one *Hubbard* factor counsels in favor of sealing the consent decree—the fact that the [movant] has objected to the disclosure."). Thus, as Zapp objects to the continuing disclosure of the

---

[2] As noted above, the information redacted from Zapp's amended motion for summary judgment related to Ye Gon's criminal case and was kept under seal for the benefit of Ye Gon, not Zapp.

5

Documents, the Court finds that this factor weighs in favor of Zapp's Motion.³

   D.   *The Strength of Any Property and Privacy Interests Asserted*

For the fourth *Hubbard* factor, Zapp argues that the Documents "have a profound effect upon his reputation and property interests as a practicing attorney" and that "these interests are substantial and strong." Motion at 7. The Court disagrees and finds that Zapp's alleged interests are not substantial, especially when compared to the interests the *Hubbard* court found substantial.

First, the Court notes the cursory manner in which Zapp asserts and describes his purported interest in sealing the Documents. Zapp's entire discussion of the fourth *Hubbard* factor is contained in a single paragraph, in which Zapp does not quantify, provide evidence for, or otherwise support his characterization of his interests as "substantial." *See id.* Such a cursory argument hardly warrants serious attention. *See, e.g.*, *Wash. Legal Clinic for the Homeless v. Barry*, 107 F.3d 32, 39 (D.C. Cir. 1997) ("Because the District raises this issue in a cursory fashion, we decline to resolve it") (internal quotation marks omitted); *Ry. Labor Execs.' Ass'n v. U.S. R.R. Ret. Bd.*, 740 F.2d 856, 859 n.6 (D.C. Cir. 1984) (refusing to address an issue when a party's briefing "consisted of only three sentences . . . and no discussion of the relevant statutory text, legislative history, or relevant case law.").

Second, even when the Court considers the merits of Zapp's purported interests, the Court finds that they are not substantial. In *Hubbard*, the D.C. Circuit found a religious organization's interests in sealing allegedly illegally seized records "direct and substantial"

---

³ In the Motion's discussion of the third *Hubbard* factor, Zapp argues that the Documents' "allegations of malpractice and misconduct create substantial property and reputation issues for [Zapp], a party in the case." Motion at 6. The Court shall address this argument under the fourth *Hubbard* factor.

because the organization, which was a third-party to the litigation, had a property interest in possessing the records and a Fourth Amendment privacy interest in preventing them from becoming public. *See Hubbard*, 650 F.2d at 303-07, 426, 426 n.104. In comparison, Zapp asserts an amorphous claim that the Documents damage "his reputation and interests as a practicing attorney" and concludes, without explanation, that these interest are "substantial." *See* Motion at 7. Zapp fails to explain how allegations in Ye Gon's Counterclaim and Zapp's efforts to discredit them through his motion for summary judgment substantially injure his reputation. In light of *Hubbard*, the Court concludes that Zapp's nondescript property and reputational interests are not substantial and do not weigh in favor of sealing the Documents. *See Johnson*, 951 F.2d at 1278 (instructing the district court on remand to "require appellees to come forward with specific reasons why the record, or any part thereof, should remain under seal.").

      E.      *The Possibility of Prejudice to Those Opposing Disclosure*

In regards to the fifth *Hubbard* factor, Zapp argues that "no possible prejudice can be raised" because Ye Gon has consented to the Motion. Motion at 7. Zapp, however, does not provide any legal authority or rationale for this conclusion. *See generally* Motion.

In fact, the Court finds that this Circuit's relevant case law contradicts Zapp's contention. As Zapp is opposing the Documents' continued public availability, the Court properly considers under this factor the possibility of prejudice to Zapp from the Documents' continued disclosure. *See, e.g.*, *Cobell v. Norton*, 157 F. Supp. 2d 82, 91 (D.D.C. 2001) (analyzing under the fifth *Hubbard* factor the prejudice to the party requesting the sealing of documents). Moreover, for this factor to weigh in Zapp's favor, Zapp must have identified how the Documents' continued disclosure causes him legal prejudice—i.e., harm in future litigation. *See Hubbard*, 650 F.2d at

321 (finding that "the possibility of prejudice to the defendants by sensational disclosure" may weigh in favor of sealing the documents when the defendants have yet to be tried). But, as Zapp does not claim that the Documents' continued disclosure cause him legal prejudice, the Court finds that this factor does not weigh in favor of sealing the Documents. *See Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009) (finding that the fifth *Hubbard* factor did not weigh in favor of sealing the documents when "plaintiffs have not claimed that unsealing this matter would affect them in any future litigation; rather, they refer only to generalized reputational harm.").

      F.      *The Purposes for Which the Documents Were Introduced*

Zapp argues that the final *Hubbard* factor indicates that the Documents should be sealed because (1) the allegations in the Counterclaim "were unsubstantiated and were filed as an attempt to avoid liability . . . in this case" and (2) the Amended Motion for Summary Judgment and its exhibits "were filed for the sole purpose of refuting the alleged unsubstantiated allegations in the Counterclaim." Motion at 7.

The Court, however, disagrees and finds instead that this factor weighs in favor of the Documents' continued disclosure. First, assuming, *arguendo*, that the Counterclaim was unsubstantiated, Zapp does not provide legal authority or explanation for his claim that unsubstantiated pleadings may be sealed under the *Hubbard* framework. In fact, such objections to pleadings are better addressed by the Federal Rules of Civil Procedure, not the drastic remedy of sealing portions of the record. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."). Second, the Court finds that the Documents are meaningfully distinguishable from the documents in *Hubbard*

8

because, most importantly, Zapp does not assert a privacy interest in the Documents. *See Hubbard*, 650 F.2d at 321 (finding that sealing the documents at issue may be appropriate in part because they were introduced to establish the illegality of a search and seizure and "it would be ironic indeed if one who contests the lawfulness of a search and seizure were always required to acquiesce in a substantial invasion of those interests simply to vindicate them."). Finally, by filing his Amended Motion for Summary Judgment and its exhibits, Zapp indicated that he intended for the Court to rely on these filings in adjudicating his dispute with Ye Gon. The Court finds that this purpose weighs in favor of the continued disclosure of these filings. *See, e.g.*, *Berliner Cocoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009) (denying motion to seal when "[t]he parties filed exhibits under seal for the purpose of proving their cases to the Court at the summary judgment stage. As such, the parties explicitly intended the Court to rely on these Documents in adjudicating their dispute.").

### IV. CONCLUSION

After weighing the six *Hubbard* factors, the Court concludes that only the fact that Zapp filed the Motion weighs in favor of sealing the Documents, while three factors weigh in favor of the Documents' continued disclosure—the need for public access, the extent of previous public access, and the purposes for which the Documents were introduced. Given "the strong presumption in favor of public access to judicial proceedings," *Johnson*, 951 F.2d at 1277, the Court shall DENY Zapp's Consent Motion to Seal Portions of Record. An appropriate Order accompanies this Memorandum Opinion.

Date: October 28, 2010                                /s/
                                         **COLLEEN KOLLAR-KOTELLY**
                                         United States District Judge

9